# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | NO. 1:17-MC-95 |
| DEAN I. ORLOFF | : | |
| | : | (Chief Judge Conner) |

## ORDER

AND NOW, this 13th day of July, 2017, upon consideration of the motion (Doc. 7) for reconsideration filed by Dean I. Orloff ("Orloff"), requesting that the court reconsider its prior order (Doc. 4) of April 18, 2017, disbarring Orloff from the United States District Court for the Middle District of Pennsylvania, and it appearing that the court's prior order (Doc. 4) was based on notice to this court from the Supreme Court of New Jersey of its disbarment of Orloff as reciprocal discipline in response to his suspension with right to seek reinstatement by the Supreme Court of Pennsylvania, (see Docs. 1, 4),[1] and the court observing that, following a reinstatement hearing before the Disciplinary Board of the Supreme Court of Pennsylvania ("Disciplinary Board"), during which proceeding Orloff and several character witnesses testified in support of reinstatement, the Disciplinary Board found, by clear and convincing evidence, that Orloff "possess the moral qualifications, competency and learning in the law required to practice law in Pennsylvania," and that his "resumption of the practice of law . . . will be neither detrimental to the integrity and standing of the bar or the administration of justice

---

[1] Orloff failed to notify the court of either the Pennsylvania suspension or the New Jersey disbarment of his own volition as required by the Local Rules of this court. See LOCAL RULE OF COURT 83.21.1. In accordance with Local Rule 83.21.2, this court responded to the New Jersey notice of disbarment by directing Orloff to show cause on or before March 23, 2017 why imposition of identical discipline would be unwarranted. (Doc. 2). The record reflects that the show cause order addressed to Orloff was returned unclaimed on March 20, 2017. (Doc. 3). Orloff maintains that he did not receive the show cause order. (See Doc. 7).

or subversive of the public interest," (Doc. 7, Ex. C at 11), and recommended that Orloff be reinstated to the practice of law, (see id. at 16), and the court observing further that, on June 22, 2017, the Supreme Court of Pennsylvania adopted in full the Disciplinary Board's recommendation and ordered that Orloff be reinstated to the practice of law in the Commonwealth, (id. at 1), and, acknowledging that the purpose of a motion for reconsideration is to present newly discovered evidence or correct injustice, see Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and that the court possesses an inherent power to reconsider its orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); see Alea N. Am. Ins. Co. v. Salem Masonry Co., 301 F. App'x 119, 121 (3d Cir. 2008), and the court resolving that the Supreme Court of Pennsylvania's rigorous and thorough evaluation of Orloff's current fitness to practice law, and its resultant determination that Orloff possesses the requisite moral and professional fitness to be reinstated to the bar of the Commonwealth, support a similar finding *sub judice*, it is hereby ORDERED that Orloff's motion (Doc. 7) for reconsideration is GRANTED and the Clerk of Court is DIRECTED to reinstate Orloff's name to the roll of attorneys authorized to practice law in the United States District Court for the Middle District of Pennsylvania.

                                                /S/ CHRISTOPHER C. CONNER
                                                Christopher C. Conner, Chief Judge
                                                United States District Court
                                                Middle District of Pennsylvania